IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARRY L. STULER, )
)
    Plaintiff, ) No. 10-1342
)
v. )
)
INTERNAL REVENUE SERVICE, )
)
    Defendant.

**OPINION AND ORDER**

In this civil action, Plaintiff, acting pro se, brings suit under the Freedom of Information Act against the Internal Revenue Service. Defendant has filed a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). By Order dated June 6, 2011, I directed the parties to address issues surrounding exhaustion of administrative remedies.[1] Upon careful consideration of the Amended Complaint and the parties' submissions, I will dismiss the Amended Complaint, without prejudice, for failure to exhaust administrative remedies.

**I. APPLICABLE STANDARDS**

Although Defendant couches its Motion in jurisdictional terms, a failure to exhaust administrative remedies under FOIA is properly evaluated pursuant to Fed. R. Civ. P. 12(b)(6). Surgick v. Cirella, No. 9-3807, 2010 U.S. Dist. LEXIS 59454, at *17 (D.N.J. June 15, 2010). In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper

---

[1] The Court "may on its own initiative dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to [Rule] 12(b)(6), where the inadequacy of the complaint is apparent as a matter of law." Berg v. Obama, 574 F. Supp. 2d 509, 515 n. 6 (E.D. Pa. 2008); see also Toney v. Bledsoe, 10-3471, 2011 U.S. App. LEXIS 9875, at *10 n.7 (3d Cir. 2011). The Court must accept all of a Plaintiff's allegations as true, and give the Plaintiff notice and an opportunity to respond on the viability of his Complaint. Id. In this case, Defendant stated its intention to assert the affirmative defense of failure to exhaust administrative remedies, and Plaintiff substantively responded to that contention. Thus, Plaintiff is on notice of the issue.

1

Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). A claim is plausible on its face, and not subject to dismissal, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, U.S. , 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While "[t]he plausibility standard is not akin to a 'probability requirement' … it asks for more than a sheer possibility…." Id. at 949. A motion to dismiss will be granted if the plaintiff has not articulated facts sufficient to "raise a right to relief above the speculative level." Bangura v. City of Philadelphia, 338 Fed. Appx. 261 (3d Cir. 2009) (citing Twombly, 127 S. Ct. at 1965). Finally, the pleadings of pro se litigants are to be viewed liberally. E.g., DeShields v. Wilson, 7-4230, 2008 U.S. Dist. LEXIS 117627, at *4 n. 1 (E.D. Pa. Jan. 30, 2008).

## I. PLAINTIFF'S COMPLAINT

The present Plaintiff stated, in his initial request dated August 14, 2010, that he committed to paying fees and costs up to "$0.00." There is no suggestion that he requested a waiver or reduction in fees. By letter dated August 18, 2010, Defendant responded that it could not process Plaintiff's request because, inter alia, of this deficiency. Instead of submitting any amended request, on August 23, 2010, Plaintiff filed an administrative appeal of the determination that his request was deficient. The appeal dealt solely with Defendant's August 18 response seeking additional information. On September 27, 2010, Defendant's Appeals Office responded that the initial request had not been denied, but instead further information requested; and thus, Plaintiff was not entitled to appeal. This Complaint followed in October, 2010, and concerned only Defendant's August 18 and September 27 communications. Subsequently, Defendant transmitted to Plaintiff what Plaintiff characterizes as "purportedly

responsive records," under cover of letter dated February 8, 2011.² Following a Motion to Dismiss his Complaint based on disclosure of the records, Plaintiff filed an Amended Complaint. The amended pleading charges that Defendant falsified and redacted the purportedly responsive documents. His assertion is based on his interpretation and analysis of Master File codes and transaction codes appearing on the documents. Plaintiff does not suggest that he has ever presented for administrative review his present contention that Defendant has made an incomplete or fraudulent disclosure.

## II. DISCUSSION

The original basis for Plaintiff's claim was Defendant's response stating that it could not process his request without additional information. "Courts have consistently confirmed that the FOIA requires exhaustion of [the] appeal process before an individual may seek relief . . . ." Anderson v. United States Dep't of State, 661 F. Supp. 2d 6 (D.D.C. 2009). "Exhaustion . . . is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Ivey v. Snow, No. 5-1095, 2006 U.S. Dist. LEXIS 49436, at **9-10 (D.D.C. 2006) (citations omitted).

---

² Defendant has submitted affidavits stating that the affiants did not redact or withhold any documents. I note that the office of the disclosure specialist assigned to process Plaintiff's request had recently moved, and all systems were not yet "up and running." Accordingly, she asked a now-retired disclosure officer in a different office to retrieve the documents. The affidavits do not address the search for Plaintiff's documents. For future reference, and although they arose in the summary judgment context, rather than at the dismissal stage, I point the parties to the following principles:

> The adequacy of the search…is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith. Furthermore, we note that these affidavits must be "reasonably detailed, setting forth the terms and the type of search performed, and averring that all files likely containing responsive materials (if such records exist) were searched."

Panton, 2008 U.S. Dist. LEXIS 88583, at **4-5 (citations omitted).

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991).

"Failure to file a perfected request constitutes failure to exhaust administrative remedies and subjects the requesting party's suit to dismissal. …According to agency regulations, a determination that a FOIA request is deficient does not constitute a denial of access, and such determinations cannot be appealed within the agency. …" Hinojosa v. Department of Treasury, 6-215, 2006 U.S. Dist. LEXIS 73931, at *13 (D.D.C. Oct. 11, 2006). Failure to file a compliant request, therefore, may properly result in dismissal of the claim. Meyer v. Commisioner, No. 10-767, 2010 U.S. Dist. LEXIS 114758, at **19-20 (D. Minn. Sept. 27, 2010); Taylor v. Fed. Bureau of Prisons, No. 6-16, 2006 U.S. Dist. LEXIS 14434, at *3 (E.D. Ky. Mar. 30, 2006).

A FOIA request to the IRS requires that the requester "[s]tate the firm agreement of the requester to pay the fees for search, duplication, and review ultimately determined in accordance with paragraph (f) of this section, or, in accordance with paragraph (c)(4)(ii) of this section, place an upper limit for such fees that the requester is willing to pay, or request that such fees be reduced or waived and state the justification for such request…." 26 C.F.R. § 601.702. Absent demonstration or claim of entitlement to a fee waiver, or commitment to pay applicable fees, an action is subject to dismissal for failure to state a claim. Dale v. IRS, 238 F. Supp. 2d 99, 107 (D.D.C. 2002).

In this case, it is apparent from the face of the Amended Complaint that Plaintiff 's FOIA request did not comply with applicable regulations. A firm promise to pay fees and costs in the amount of "$00.00" is, on its face, not a promise to pay anything -- it is a promise in form only,

4

and not in substance.  Moreover, Plaintiff's "promise" does not constitute a request for a waiver, as it does not state the justification for any such request.  Treating Plaintiff's request as compliant would circumvent regulatory requirements.   Even if other aspects of his FOIA request were sufficient, this one was not.   When a requester declines to provide a firm agreement to pay for, or request a waiver of, fees and costs, the process is properly suspended pending compliance.  Accordingly, administrative remedies have not been exhausted.

Plaintiff does not address exhaustion as it relates to his claims arising after his attempted appeal, but contends that he is deemed to have fulfilled exhaustion requirements because Defendant's response to the appeal was not made within twenty days of the appeal; instead, he notes, it was postmarked two days late.  Plaintiff cites to 5 U.S.C. § 552(a)(6)(C), which states that a person making a request shall be deemed to have exhausted his administrative remedies with respect to that request if the agency fails to respond within twenty days.  That Section, however, also provides that the twenty-day period is tolled by the agency's request to the request for information, or to clarify with the requester issues regarding fee assessment.  In this case, Defendant timely responded with a request for information, and Plaintiff is not deemed to have exhausted administrative remedies by virtue of Section 552.  In any event, "a finding of constructive exhaustion is not appropriate where it would be "contrary to 'orderly procedure and good administration' and unfair 'to those who are engaged in the tasks of administration' to decide an issue which [an agency] never had a fair opportunity to resolve prior to being ushered into litigation." Dettmann v. Department of Justice, 802 F.2d 1472, 1476 (D.C. Cir. 1986).   In this case, Plaintiff may not "back into" constructive exhaustion via his attempted appeal.

Moreover, although the exhaustion-of-remedies requirement is a prudential rather than a jurisdictional consideration, the FOIA administrative scheme favors restricting judicial review. Hidalgo v. Fed. Bureau of Investigation, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003).

> [T]his court is cognizant of the policy to allow agency adjudication the greatest latitude before interjecting itself in administrative affairs. Exhaustion is generally required to allow an agency to "exercise its discretion and expertise on the matter" and "top managers of an agency [to] correct mistakes made at lower levels." … "allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors." … Similarly, in this case, it is far better to allow the agency the opportunity to fully address [Plaintiff']'s concerns before this court enters the fray.

Lowry v. SSA, No. 00-1616, 2001 U.S. Dist. LEXIS 23474, at * (D. Or. 2001) (citations omitted).

In this case, judicial review "would cut off the agency's power to correct or rethink initial misjudgments or errors, and frustrate the policies underlying the exhaustion requirement." Ivey v. Snow, No. 2006 U.S. Dist. LEXIS 49436, at **9-10 (citations omitted). "[P]laintiffs' disappointment in the quality of the records provided does not dispense with the administrative appeal requirement of the FOIA." Fish v. IRS, No. 00-1047, 2000 U.S. Dist. LEXIS 21142, at *8 (E.D. Cal. 2000). Under the facts and circumstances of this case, and in light of the fairly technical and agency-specific nature of Plaintiff's theories, it is particularly appropriate to require Plaintiff to seek administrative review of the disclosure before pursuing judicial intervention.

**CONCLUSION**

In sum, Plaintiff's Amended Complaint will be dismissed, without prejudice, for failure to state a claim due to failure to exhaust administrative remedies. An appropriate Order follows.

6

**ORDER**

AND NOW, this 23rd day of June, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss is GRANTED, without prejudice to Plaintiff to reassert his claim following exhaustion of administrative remedies. The clerk shall mark this case closed.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District